UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TONY J. JACKSON,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

CASE NO. C18-5657 BHS

ORDER GRANTING PETITIONER'S MOTION FOR RECONSIDERATION, VACATING JUDGMENT, AND RENOTING PETITION

This matter comes before the Court on the Petitioner Tony Jackson's ("Jackson") motion for reconsideration. Dkt. 17.

On January 14, 2019, the Court dismissed Jackson's petition for lack of jurisdiction because the Court deemed it a second or successive petition. Dkt. 14. The factual predicate for Jackson's claim is his co-defendant's plea bargain, which did not occur until after Jackson's first petition became final. *Id.*

On February 7, 2019, Jackson filed the instant motion arguing that his petition is a second-in-time petition because the factual predicate of the claim did not occur until after

his first petition was denied. Dkt. 17. On April 2, 2019, the Court requested a response from the Government. Dkt. 19. On April 12, 2019, the Government responded. Dkt. 20. On April 22, 2019, Jackson replied. Dkt. 21.

While the Ninth Circuit has held that "[p]risoners may file second-in-time petitions based on events that do not occur until a first petition is concluded," it seemed that the exception only applied to certain specific issues. *United States v. Buenrostro*, 638 F.3d 720, 725 (9th Cir. 2011) ("petitions relating to denial of parole, revocation of a suspended sentence, and the like because such claims were not ripe for adjudication at the conclusion of the prisoner's first federal habeas proceeding.") (citing multiple authorities). However, in *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018), *cert. denied sub nom. Brown v. Hatton*, 139 S. Ct. 841 (2019), the Ninth Circuit cited *Buenrostro* for the broad proposition that a petition is not "second or successive if the factual predicate for the claim accrued only after the time of the initial petition." 889 F.3d at 667 (citing *Buenrostro*, 638 F.3d at 725–26).

In this case, Jackson has established that the factual predicate for his claim did not accrue until after the district court denied his first petition. Thus, reconsideration is warranted. The Government, however, argues that even a "second-in-time" petition requires certification by the Ninth Circuit. Dkt. 20 at 2–3 (citing *Buenrostro*, 638 F.3d at 723). The Court disagrees. "[T]he term 'second or successive' is not to be taken literally but is 'informed by' the abuse-of-the-writ doctrine." *Buenrostro*, 638 F.3d at 723 (quoting *United States v. Lopez*, 577 F.3d 1053, 1063 n.8 (9th Cir. 2009), *cert. denied*, 559 U.S. 984 (2010)). That doctrine precluded review of a claim "if the petitioner had a

full and fair opportunity to raise the claim in the prior application . . . ." *Magwood v. Patterson*, 561 U.S. 320, 345 (2010) (Kennedy, J., dissenting). Petitioners do not have such an opportunity "where the claim was not yet ripe at the time of the first petition . . . ." *Id.* (citing *Panetti v. Quarterman*, 551 U.S. 930, 947 (2007)). Under this definition or interpretation of "second or successive," a second-in-time petition based on a factual predicate that occurred after the denial of a first petition is not a second or successive petition. Therefore, the Court concludes that Jackson's petition is not a second or successive petition.

Finally, the Government disputes the Court's reluctance to transfer a second or successive petition to the Ninth Circuit per Circuit Rule 22-3(a). To further clarify the Court's position, that rule is not intended for petitions in which the parties dispute whether it is a second or successive petition. To resolve such a dispute, the Court must make a legal determination subject to *de novo* review and consider issuing a certificate of appealability. *See Richey v. Obenland*, C13-5231 BHS, 2013 WL 4054589, at *1 (W.D. Wash. Aug. 12, 2013), *vacated and remanded sub nom. Richey v. Sinclair*, 585 Fed. Appx. 636 (9th Cir. 2014). Therefore, the Court declines to transfer any disputed second or successive petition.

In sum, Jackson has established a manifest error of law in the Court's prior order. Local Rules W.D. Wash. LCR 7(h)(1). The Court **GRANTS** Jackson's motion and **VACATES** the prior order and judgment, Dkts. 14, 15. Although the Government provided some substantive response, it may file an additional substantive response no

later than June 28, 2019. Jackson may reply no later than July 19, 2019. The Clerk shall note Jackson's petition for consideration on the Court's July 19, 2019 calendar.

**IT IS SO ORDERED**.

Dated this 12th day of June, 2019.

BENJAMIN H. SETTLE
United States District Judge