UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TONY JACKSON,

                         Petitioner,

         v.

UNITED STATES OF AMERICA,

                         Respondent.

CASE NO. C18-5657 BHS

ORDER DENYING PETITIONER'S
SECOND MOTION TO VACATE,
SET ASIDE, OR REDUCE
SENTENCE UNDER 28 U.S.C.
§ 2255

This matter comes before the Court on Petitioner Tony Junior Jackson's

("Jackson") motion to vacate, set aside, or reduce sentence. Dkt. 1. The Court has

considered the pleadings filed in support of and in opposition to the motion and the

remainder of the file and hereby denies the motion for the reasons stated herein.

## I.  BACKGROUND

On November 20, 2015, Jackson pled guilty to a conspiracy to engage in sex

trafficking. *United States v. Jackson*, Cause No. CR-14-5242-RJB, Dkt. 136. The plea

agreement Jackson entered into with Respondent United States of America ("the

Government") contained a provision binding the Government to a sentencing

recommendation between 120 and 180 months. *Id.*, ¶ 10. The sentencing judge

subsequently sentenced Jackson to 144 months of incarceration. *Id.*, Dkt. 237.

On January 27, 2017, Jackson filed a motion to vacate, set aside or correct

sentence pursuant to 28 U.S.C. § 2255. *Jackson v. United States*, Cause No. CR-17-5064-

RJB, Dkt. 1. On April 20, 2017, the Court denied relief. *Id.*, Dkt. 15. Jackson appealed. *Id.*, Dkt. 16. On September 6, 2017, the Ninth Circuit denied Jackson a certificate of appealability and denied review. *Id.*, Dkt. 18.

On August 13, 2018, Jackson filed the instant motion under § 2255, Dkt. 1, and memorandum of law in support of the motion, Dkt. 2. Jackson argues that his guilty plea was conditioned on a promise made by the prosecutor that the government would not offer less time to Jackson's co-defendant, and that this agreement was breached when the prosecutor later did so. Dkt. 1. Jackson requests to be resentenced, be tendered the performance of the Government's promise that he would get the same amount of time in custody as his co-defendant, or be granted any other remedy the Court deems appropriate. *Id.*

Jackson alleges that he was reluctant to plead guilty because of the possibility that his co-defendant "would be offered an agreement for less time in custody some time later by continuing to litigate." Dkt. 2 at 3. He contends that the Government made specific promises to him occurring off record through its attorneys Ye-ting Woo and Bruce Miyake. *Id.* Specifically, Jackson reports the Government stated: "I promise you, [the co-defendant] will not be offered a better agreement. He's going to get the same amount of time as you if not more." *Id.* After hearing this promise and taking "into consideration that a better agreement would not be offered to his co-defendant at a later point," Jackson decided to accept the agreement of a recommendation of 120–180 months in custody. *Id.*

After Jackson pled guilty, the Government offered an agreement to the co-defendant in which it would recommend a sentence between 120 and 156 months. Dkt.

25-5. The co-defendant initially accepted that agreement and entered a change of plea, but subsequently moved to withdraw it. The Court granted the motion to withdraw the co-defendant's plea over the Government's opposition and limited the scope of the evidence the Government could introduce against the co-defendant at trial. After extensive pretrial negotiations with the co-defendant occurring well after Jackson had been sentenced, the Government then offered the co-defendant a plea agreement in which it promised to recommend a sentence of only 90 months, Dkt. 25-6, ¶ 9, which was less time in custody than it offered to Jackson. Neither of the two plea bargains the Government offered the co-defendant, however, contained a provision stipulating the government would not prosecute the co-defendant in other jurisdictions, which was a feature of Jackson's plea agreement.[1]

On October 23, 2018, the Government responded and moved to dismiss the motion. Dkt. 11. On January 14, 2019, the Court dismissed the motion for lack of jurisdiction after deeming it a second or successive motion. Dkt. 14.

On February 7, 2019, Jackson filed a motion for reconsideration arguing that the motion was "second-in-time" instead of second or successive because the factual predicate of the claim, his co-defendant's plea bargain, did not occur until after his first motion was denied. Dkt. 17. On June 12, 2019, the Court granted Jackson's motion. Dkt. 24. On June 28, 2019, the Government filed a supplemental answer. Dkt. 25. On July 15, 2019, Jackson replied.

---

[1] The Government indicates it has "evidence that [the codefendant] had trafficked women in other States, most notably in Oregon." Dkt. 25 at 9 n.4.

On September 23, 2019, Jackson filed a request for relief and notice of supplemental authority. Dkt. 29. On October 28, 2019, Jackson filed a motion for sanctions. Dkt. 30. On November 12, 2019, Jackson filed a motion to expand the record with his second declaration. Dkt. 31. On November 25, 2019, Jackson filed a request to construe liberally. Dkt. 32. On December 4, 2019, Jackson filed a notice of motion to document his ADHD and Dyslexia. Dkt. 33. On December 16, 2019, Jackson filed an addendum of relevant facts. Dkt. 35. On February 2, 2020, Jackson filed an exhibit containing "documentary evidence of dyslexia." Dkt. 36. On March 6, 2020, Jackson filed another document in support of his motion. Dkt. 38.

## II.   DISCUSSION

### A.   Legal Standard

Under § 2255, the Court may grant relief to a federal prisoner who challenges the imposition or length of his incarceration on the ground that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

An inmate filing a claim for federal habeas relief is entitled to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id.* § 2255(b). The Ninth Circuit has characterized this standard as requiring an evidentiary hearing when "the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United*

*States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (citing *United States v. Schaflander,* 743 F.2d 714, 717 (9th Cir. 1984)).

**B.   Merits**

In this case, Jackson does not argue his sentence was unconstitutional, that the Court lacked jurisdiction to impose it, or that the sentence was in excess of the maximum authorized by law. Instead, he alleges that his plea of guilty was conditioned on the prosecutor's promise that the Government would not offer to resolve his co-defendant's case with less time. Dkt. 2 at 3 ("He's going to get the same amount of time as you if not more."). Therefore, to merit relief under § 2255, the motion must demonstrate that Jackson's sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

In his plea agreement, however, Jackson waived his right to direct appeal and collateral attack except for claims relating to the ineffective assistance of counsel. Dkt. 25-2, ¶ 15. His motion does not assert a claim of ineffective assistance of counsel. Instead, he argues that the Government breached its agreement with him because it ultimately offered to recommend less time in prison for his co-defendant.

To prevail on the motion, Jackson must show by a preponderance of the evidence the existence of an error rendering his conviction unlawful. *Simmons v. Blodgett*, 110 F.3d 39, 42 (9th Cir. 1997); *see also Lee v. United States*, 468 F.2d 906, 906–07 (1972). Regarding a challenge to a conviction by guilty plea, the Supreme Court and the Ninth Circuit have held that, generally, a defendant who pleads guilty and challenges his conviction under § 2255 may only challenge the knowing and voluntary nature of the plea. *United States v. Kacsynski*, 239 F.3d 1108, 1113–1114 (9th Cir. 2001) (citing

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). Because a guilty plea must be the result of an intelligent choice made with "full awareness of the relevant circumstances," *Brady v. United States*, 397 U.S. 742, 755 (1970), an involuntary guilty plea is an error sufficient to render a conviction unlawful, *Brown v. Salazar*, 431 F. App'x 579, 579 (9th Cir. 2011).

### 1. Plea Agreement

A plea agreement is contractual in nature, *United States v. Alcala-Sanchez*, 666 F.3d 571, 575 (9th Cir. 2012), and the parties are held to the literal terms of the agreement, *United States v. Benchimol*, 471 U.S. 453, 455 (1985). When construing a plea agreement, the Court must determine what the defendant reasonably believed to be the terms of the agreement at the time of the plea. *United States v. Franco-Lopez*, 312 F.2d 984, 989 (9th Cir. 2002). "The fact that [defendant] did not foresee the specific issue that he now seeks to [review] does not place that issue outside the scope of his waiver." *United States v. Johnson*, 67 F.3d 200, 203 (9th Cir. 1995).

In this case, the Government argues that Jackson knowingly and voluntarily entered into a written plea agreement that was fully integrated, requiring the Court to enforce the waiver of collateral attack provision in the agreement. Dkt. 25. When a defendant negotiates and enters into a plea agreement, the Ninth Circuit has enforced a defendant's waiver of the right to collateral attack. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993). Because the record demonstrates that Jackson's guilty plea was knowingly and voluntarily entered, the Court similarly enforces the waiver provision and denies the motion as explained below.

At Jackson's plea hearing, the judge conducted a plea colloquy pursuant to Federal Rule of Criminal Procedure 11 ("Rule 11") and inquired as follows:

THE COURT: Did you sign these documents? [2]

THE DEFENDANT: Yes, I did.

THE COURT: Did you read them carefully first?

THE DEFENDANT: Yes, I did, Your Honor.

THE COURT: And do these agreement [sic] represent in their entirety any understanding or agreement that you have with the government?

THE DEFENDANT: Yes.

**THE COURT: There are no side agreements or anything that is not written down here?**

**THE DEFENDANT: No, there isn't, Your Honor.**

THE COURT: And you feel you understand the terms of these agreements?

THE DEFENDANT: I do.

**THE COURT: And has anyone made any other or different promises or assurances to you of any kind to get you to plead guilty, other than what's in these plea agreements?**

**THE DEFENDANT: No, sir.**

Dkt. 25-3 at 4–5. The judge confirmed that Jackson wished to waive his right to appeal provided the court imposed a sentence within the guideline range. *Id*. at 14. Regarding

---

[2] Jackson entered guilty pleas in two cases requiring two plea agreements, thus the inquiring judge referenced the plural "documents." Dkt. 25-2 at 14.

promises or materials extrinsic to the agreement, the judge asked Jackson whether he had the "whole agreement" in front of him, and Jackson responded, "Yes I do." *Id.* Jackson stated he understood the terms of each agreement before pleading guilty. *Id.* at 15. Under these facts, Jackson fails to establish that he had less than full awareness of the terms and potential consequences arising from the plea agreement supporting his intelligent choice to plead guilty. *Brady*, 397 U.S. at 755; *Little v. Crawford*, 449 F.3d 1075, 1080 (9th Cir. 2006) (habeas petitioner bears the burden of establishing that guilty plea including waiver of appeal and collateral attack was not knowing and voluntary). The record therefore compels the conclusion that Jackson's guilty plea was knowingly and voluntarily entered.

In a declaration filed after the Government's response, Jackson argues that his responses at the Rule 11 colloquy are not dispositive because his attorney advised him to answer "yes" to the Court's questions concerning the completeness of the agreement and "no" to questions concerning the existence of promises not contained in the agreement.[3] Dkt. 31, Second Declaration of Tony Jackson, at 1. "Statements made by a criminal defendant contemporaneously with his plea should be accorded great weight because solemn declarations made in open court carry a strong presumption of verity." *Anderson*, 993 F.2d at 1438 (internal quotations omitted). The Ninth Circuit has expressed agreement with other circuits holding that a petitioner's collateral challenge resting on allegations that directly contradict the petitioner's plea statements ordinarily must fail. *Muth v. Fondren*, 676 F.3d 815, 821 (9th Cir. 2012); *see also United States v. Lemaster*,

---

[3] The motion to expand the record with Jackson's second declaration is granted.

403 F.3d 216, 220–21 (4th Cir. 2005) ("[I]n the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false."). Jackson fails to explain why his attorney's advice to respond in this way, which he does not allege was ineffective, is an extraordinary circumstance requiring the court to discredit his sworn responses. Moreover, although he filed multiple notices after the motion was ripe concerning his purported dyslexia, he does not articulate why his dyslexia would negate any of his responses at the colloquy, including his ability to respond orally to the Court's questions. Jackson therefore fails to persuade the Court that his responses at the colloquy were not true.

In support of his claim that he believed it was inappropriate to mention the prosecutor's oral promise during the plea colloquy, Jackson also attempts to rely on a remark made by his attorney. The Court does not find that the attorney's remark supports a finding of ambiguity regarding the completeness of agreement provision. At the hearing Jackson's attorney did state that he wanted to inform the Court of contain certain non-prosecution agreements from other districts that were "not specifically appropriate" to include in Jackson's plea agreement. Dkt. 26-3 at 15. The Government, however, quickly pointed out that the plea agreement did actually contain the non-prosecution provision the attorney referenced. *Id.* Thus, the record does not support this specific claim of ambiguity regarding the completeness of the agreement. Therefore, the Court credits Jackson's sworn responses at the Rule 11 colloquy affirming the completeness of the agreement. *Anderson*, 993 F.2d at 1438.

Regarding the question of integration, upon review of the written plea agreement the Court agrees with the Government that its terms were not ambiguous including the completeness of agreement provision and the waiver provision. This conclusion is supported by Jackson's affirmations during the Rule 11 colloquy. Because Jackson knowingly and voluntarily entered into an unambiguous plea agreement containing an otherwise valid waiver of the right to collateral attack, the Court will enforce the waiver. *Abarca*, 985 F.2d at 1014.

## 2. Extrinsic Evidence

Jackson provides two declarations from Charles Johnston, his former counsel, and Terrance Kellog, former counsel for the co-defendant, in support of his motion. The Government argues that the Court should not consider these declarations when interpreting the plea agreement because they are extrinsic, parol evidence to the contract. Dkt. 25 at 7 (citing *United States v. Ajugwo*, 82 F.3d 925, 928 (9th Cir. 1996) ("*Ajugwo*"); *United States v. Pacheco-Osuna*, 23 F.3d 269, 271 (9th Cir. 1994)); *see also United States v. Gamble*, 917 F.2d 1280, 1282 (10th Cir. 1990) ("It is a fundamental rule of contract law that the terms of a clear and unambiguous written contract cannot be changed by parol evidence.").

In *Ajugwo*, the defendant argued on direct appeal that the Government had verbally promised her it would not oppose application of the safety valve provision on certain grounds, and the Government breached that promise. *Ajugwo*, 82 F.3d at 928. The Government's alleged oral promise was not part of the defendant's written plea agreement. Because the Court found the agreement to be fully integrated, it rejected

consideration of the defendant's extrinsic evidence of the oral promise. *Id.* at 928

(refusing to consider parol evidence "for the purpose of adding or changing the terms of

an integrated plea agreement.") (citing *Pacheco-Osuna*, 23 F.3d at 271).

Jackson attempts to distinguish *Ajugwo* by arguing that unlike that defendant, he

"is not contesting language in the plea." Dkt. 27 at 5. *Ajugwo* is not distinguishable on

this basis because both Jackson and the defendant in *Ajugwo* argued that the Court should

consider a prosecutor's oral promise never included in the written plea agreement.

*Ajugwo*, 82 F.3d at 928 ("Ajugwo argues that as part of the plea agreement, the

Government *verbally promised* not to oppose . . . .") (emphasis added). Consequently,

because the written plea agreement in this case is a fully integrated instrument, binding

precedent requires the Court to decline to consider extrinsic evidence in the form of

declarations purportedly altering its terms. *Id.*

### 3. Breach

On direct appeal, a defendant is released from his or her appeal waiver if the

government breaches the plea agreement. *United States v. Hernandez-Castro*, 814 F.3d

1044, 1045 (9th Cir. 2016) (citing *United States v. Gonzalez*, 16 F.3d 985, 989–90 (9th

Cir. 1993)). Jackson cites no authority, and the Court is not aware of any, standing for a

similar proposition regarding a defendant's release from a waiver of collateral attack.

Nevertheless, common sense indicates that a similar principle would apply.

The problem with this argument, however, is that Jackson's evidence of breach is

submitted in the form of declarations that are extrinsic to the written plea agreement. The

written agreement is fully integrated as demonstrated by his sworn responses at the plea

hearing affirming that the agreement was complete and that there were no side promises or agreements outside of or interdependent with the written agreement. Therefore, the Court does not reach the question whether the agreement was breached. *Ajugwo*, 82 F.3d at 929 ("Because the language of the plea agreement is unambiguous and completely integrated, we reject the defendant's argument that the plea agreement has been breached.").

**C.    Evidentiary Hearing**

An evidentiary hearing is not needed in this case because the Court has determined that Jackson's waiver is enforceable as a matter of law on the facts and records as limited by the authority governing extrinsic evidence discussed above. Moreover, the facts the motion relies upon are not in dispute: although the Government argues it did not breach the agreement because it did not make the co-defendant a "better" offer (because the co-defendant never received the benefit of a non-prosecution provision), it is indisputable that it did offer the co-defendant a plea agreement recommending less time in prison than Jackson, which is the basis of his claim. Dkt. 2 at 3 ("I promise you, [the co-defendant] will not be offered a better agreement. He's going to get the same *amount of time* as you if not more.") (emphasis added). As explained above, this claim is not cognizable under § 2255 because (1) Jackson knowingly and voluntarily waived his right to present it on collateral attack and (2) it presents an exception to the general rule that a habeas petitioner may only challenge his conviction by guilty plea on the basis that the plea was not knowingly and voluntarily entered. A fact-finding hearing would not advance the

Court's determination on these issues, which are not based on credibility. Therefore, the Court declines to hold an evidentiary hearing.

**D.    Certificate of Appealability**

A defendant may not appeal a decision denying a motion under § 2255 without obtaining a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). The decision to grant a COA must be made by the district judge. Fed. R. App. P. 22(b)(1). To obtain a COA, Jackson must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Government contends that a COA is unwarranted because Jackson fails to advance a colorable claim of a denial of his constitutional rights. Dkt. 25 at 9. In this case, however, Jackson argues that the prosecutor's alleged breach of his plea agreement presents an exception to the general rule that a habeas petitioner may only challenge the knowing and voluntary nature of his guilty plea pursuant to 28 U.S.C. § 2255. The Court has concluded that his motion is barred by the otherwise valid provision in his plea agreement waiving his right to bring a collateral attack on the plea. Reasonable jurists, however, could conclude otherwise. That is, when a defendant presents a claim alleging with extrinsic evidence that the prosecutor breached a promise that the defendant alleges was inducement to enter into a plea agreement, reasonable jurists could determine that the claim presents an exception to the general rule foreclosing challenges to otherwise knowing and voluntary guilty pleas under § 2255. Otherwise, a defendant entering into a plea agreement containing a valid waiver of the right to appeal and collateral attack may

be without recourse to enforce promises made in consideration for the plea. *See, e.g.*, *Buckley v. Terhune*, 441 F. 3d 688, 694 (9th Cir. 2006) ("A criminal defendant has a due process right to enforce the terms of his plea agreement."). Therefore, reasonable jurists could determine that Jackson has stated a claim of violation of his constitutional right to due process in entering the plea.

Reasonable jurists could also determine, however, that Jackson instead failed to plead the claim he may have, for ineffective assistance of counsel, based on his attorney's alleged failure to make a record of the oral promise inducing the plea made in the attorney's presence. This claim, if pled, may have been cognizable under Jackson's plea agreement. Finally, reasonable jurists could further disagree with the Court's decision to decline to consider extrinsic evidence in determining whether the plea agreement was fully integrated. Therefore, the Court grants a COA to Jackson on the motion.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Jackson's second motion under 28 U.S.C. § 2255, Dkt. 1, is **DENIED** and a Certificate of Appealability is **GRANTED.**

Jackson's motion to expand the record with second declaration, Dkt. 31, is **GRANTED**, and his motion for imposing sanctions, Dkt. 32, is **DENIED as moot.**

The Clerk shall enter **JUDGMENT** and close the case.

Dated this 30th day of March, 2020.

BENJAMIN H. SETTLE
United States District Judge